IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUSTIN HALLER,                              6:14-cv-00207-BR

       Plaintiff,                       OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

       Defendant.


**RORY JOSEPH LINERUD**
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308
(503) 587-8776

       Attorney for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1044


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JOHN C. LAMONT**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3703

        Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Justin Haller seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Act and Supplemental Security Income (SSI) under Title XVI of the Act.

   This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **AFFIRMS** the final decision of the Commissioner.


                    ADMINISTRATIVE HISTORY

   Plaintiff filed his application for DIB on August 6, 2010, and Plaintiff's application for SSI on August 16, 2010.  Tr. 13.[1] His applications were denied initially and on reconsideration.

---

   [1] Citations to the official transcript of record filed by the Commissioner on October 8, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

An Administrative Law Judge (ALJ) held a hearing on October 15, 2012. Tr. 30. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 31.

The ALJ issued a decision on November 1, 2012, in which she found Plaintiff is not entitled to benefits. Tr. 13-21. That decision became the final decision of the Commissioner on December 4, 2013, when the Appeals Council denied Plaintiff's request for review. Tr. 1-4. See *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on October 9, 1977; was 35 years old on the date of the hearing; and has a tenth-grade education. Tr. 222, 226. Plaintiff has prior relevant work experience as a construction worker. Tr. 19, 50.

Plaintiff alleges disability since July 3, 2009, due to "[n]erve damage" in his right foot. Tr. 222, 226.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 15-23.

3 - OPINION AND ORDER

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is "more than a mere scintilla" of evidence but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility,

4 - OPINION AND ORDER

resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser,* 648 F.3d at 724.

5 - OPINION AND ORDER

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity.  The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other

6 - OPINION AND ORDER

words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser,* 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P,

appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since July 3, 2009, his alleged onset date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairment of reflex sympathetic dystrophy of the right foot and ankle.  Tr. 15-16.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 17-18.  In her assessment of Plaintiff's RFC the ALJ found Plaintiff has the functional capacity to lift and to carry 20 pounds occasionally and 10 pounds frequently; to stand and to walk at least two hours in an eight-hour workday; to sit at least six hours in an eight-hour workday with the latitude to "alternate between sitting and standing as needed while remaining on task"; to never climb ropes, ladders, and scaffolds; to occasionally balance, kneel, crawl, and climb ramps and stairs; and to not have any exposure to hazards.  The ALJ also found Plaintiff must be given instructions verbally and "by demonstration" and that Plaintiff can only "understand, remember, and carry out simple instructions that can be learned in 30 days

8 - OPINION AND ORDER

or less." Tr. 16-19.

At Step Four the ALJ found Plaintiff is unable to perform his past relevant work as a construction worker. Tr. 19.

At Step Five, however, the ALJ found Plaintiff is capable of performing other work that exists in significant numbers in the national economy, including work as a ticket seller, small-product assembler, and electronic assembler. Tr. 20-21. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 21.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to include in her hypothetical to the VE a restriction from repetitive motion of Plaintiff's right lower extremity, and (2) provided an improper assessment of Plaintiff's RFC because the ALJ failed to specify the frequency with which Plaintiff could alternate between sitting and standing and did not explain how the medical record supported the ALJ's finding that Plaintiff required simple, verbal instructions provided to him "by demonstration." Plaintiff, therefore, contends the Court should reverse the ALJ's decision and remand this matter for further administrative proceedings.

**I.   Sufficiency of the ALJ's Hypothetical to the VE**

As noted, Plaintiff contends the ALJ provided an invalid

9 - OPINION AND ORDER

hypothetical to the VE because the hypothetical did not contain any limitation related to the ALJ's finding that Plaintiff has a limitation regarding "repetitive motions" of his right foot. *See* Tr. 19. The Commissioner concedes the ALJ erred when she failed to include in the vocational hypothetical Plaintiff's limitation as to repetitive motions with his right foot. The Commissioner, however, contends such error was harmless because the jobs cited by the VE do not require repetitive motion with the lower extremities.

"An ALJ must propound a hypothetical question that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). "The hypothetical should be 'accurate, detailed, and supported by the medical record.'" *Id.* (quoting *Tackett*, 180 F.3d at 1101). It is, however, proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record. *Id.*

The ALJ found in her decision that Plaintiff had "postural restrictions limiting repetitive motions of the affected limb." Tr. 19. The ALJ, however, did not explicitly include such a restriction in her hypothetical to the VE. Tr. 46-47.

As the Commissioner correctly notes, however, none of the descriptions of the jobs in the Dictionary of Occupational Titles

10 - OPINION AND ORDER

(DOT) cited by the ALJ indicate that those jobs require repetitive movement of the right foot.  See DOT § 211.467-030, 1991 WL 671853 (Ticket Seller); DOT § 706.684-022, 1991 WL 679050 (Small-Product Assembler); DOT § 726.684-018, 1991 WL 679596 (Electronics Assembler).  Thus, because the ALJ identified jobs that do not require repetitive motion of Plaintiff's right foot, the ALJ's failure to include a foot-motion limitation in her hypothetical to the VE is harmless.  See *Treichler v. Comm'r Soc. Sec. Admin*, 775 F.3d 1090, 1099 (9th Cir. 2014)("An error is harmless if it is 'inconsequential to the ultimate nondisability determination,' or 'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity.'" (quoting *Alaska Dep't of Envtl. Conservation v. Envtl. Prot. Agency*, 540 U.S. 461, 497 (2004), and *Molina*, 674 F.3d at 1115)).

    Accordingly, on this record the Court concludes the ALJ's failure to include a right-foot movement limitation in her hypothetical posed to the VE is harmless error and does not necessitate remand.

**II.  Sufficiency of the ALJ's Assessment of Plaintiff's RFC**

    As noted, Plaintiff contends the ALJ's assessment of Plaintiff's RFC was insufficient because the ALJ (1) did not specify how frequently Plaintiff must be permitted to change positions between sitting and standing and (2) did not

11 - OPINION AND ORDER

sufficiently explain the medical evidence that supported the ALJ's findings as to Plaintiff's limitations.

Plaintiff's contention that the ALJ did not specify the frequency with which Plaintiff could sit or stand is incorrect. The ALJ explicitly provided in both her evaluation of Plaintiff's RFC and in her hypothetical posed to the VE that Plaintiff was limited to jobs in which Plaintiff could sit or stand "as needed." Tr. 16, 47. Accordingly, the ALJ's evaluation of Plaintiff's RFC was sufficiently specific as to the frequency with which Plaintiff must be allowed to change positions.

Plaintiff's argument that the ALJ insufficiently explained her findings in her assessment of Plaintiff's RFC similarly misses the mark. Plaintiff specifically contends the ALJ did not explain why she limited Plaintiff to jobs that contain a "sit-stand option" or that involve the "use of the right lower extremity"; that require Plaintiff receive only verbal and demonstrative instructions; or require understanding, remembering, and carrying out simple instructions.

Plaintiff's contention is without merit. In her evaluation of Plaintiff's RFC, the ALJ sufficiently explained her consideration of Plaintiff's medical record, Plaintiff's testimony, and the medical-opinion testimony. Plaintiff does not cite to any medical evidence in the record that suggests Plaintiff's limitations are greater than the ALJ identified, and,

12 - OPINION AND ORDER

after review of the record, the Court concludes there is not any medical evidence in the record that demonstrates Plaintiff is more limited.  In fact, the limitations assessed by the ALJ were greater than those identified by any medical expert that submitted an opinion.  The ALJ, therefore, appears to have given Plaintiff some benefit of the doubt concerning his functional limitations even though the ALJ properly discounted Plaintiff's testimony (a conclusion that Plaintiff does not challenge).

Accordingly, on this record the Court concludes the ALJ sufficiently explained her assessment of Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the final decision of the Commissioner.

IT IS SO ORDERED.

DATED this 26th day of March, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER